**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IAN CLIETT, | No. 12-55146 |
| Petitioner - Appellee, | D.C. No. 2:05-cv-06616-SJO-JC |
| v. | |
| L.E. SCRIBNER, WARDEN | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 11, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

Respondent-appellant L.E. Scribner appeals the district court's conditional

grant of petitioner-appellee Ian Cliett's petition for a writ of habeas corpus under

28 U.S.C. § 2254 based on his claim that incriminating statements he made during

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Timothy Mark Burgess, United States District Judge for the District of Alaska, sitting by designation.

a custodial interrogation were admitted at his trial in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The California Court of Appeal's decision finding ambiguity in Cliett's invocation based on his prior cooperation with the detectives was an unreasonable application of clearly established federal law as recognized by our precedents. *See* 28 U.S.C. § 2254(d)(1). Supreme Court cases are the *only* definitive source of "clearly established" federal law under the Antiterrorism and Effective Death Penalty Act; however, "we must follow our cases that have determined what law is clearly established." *Byrd v. Lewis*, 566 F.3d 855, 860 n.5 (9th Cir. 2009) (citations omitted).

A person in custody has the right to cut off questioning at any time, and an invocation of that right must be "scrupulously honored." *Miranda*, 384 U.S. at 479. When Cliett stated, "I choose to remain silent," in direct response to the detective's inquiry about whether he was willing to talk, he unambiguously and unequivocally invoked his right to remain silent. *See Anderson v. Terhune*, 516 F.3d 781, 787 (9th Cir.) (en banc) ("Using 'context' to transform an unambiguous invocation into open-ended ambiguity defies both common sense and established Supreme Court law."), *cert. denied*, *Cate v. Anderson*, 555 U.S. 818 (2008); *see*

*also Miranda*, 384 U.S. at 445 ("The mere fact that [the suspect] may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries . . . ."). The detectives failed to scrupulously honor Cliett's clear invocation by continuing to question him about whether he was willing to talk. *See Anderson*, 516 F.3d at 790 ("Where the initial request to stop the questioning is clear, 'the police may not create ambiguity in a defendant's desire by continuing to question him or her about it.'" (citation omitted)).

The district court correctly held that the admission of Cliett's post-arrest statements "had substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993) (internal quotation marks and citation omitted). Cliett confessed that he was at the scene of the murder and, more specifically, had entered rival gang territory at night with a fellow gang member who he knew was seeking revenge. The prosecutor relied heavily on Cliett's admissions during opening and closing, and, as the district court noted, the other evidence was "less than overwhelming."

**AFFIRMED.**

*Cliett v. Scribner*, No. 12-55146

TALLMAN, Circuit Judge, with whom N.R. SMITH, Circuit Judge, and BURGESS, District Judge, join, concurring:

The California Court of Appeal, viewing the entire record in context, reasonably determined that the detectives made no effort to coerce, intimidate, or harass Cliett into talking; the detectives were surprised when Cliett allegedly invoked his right to remain silent in light of his prior cooperation and initial indication that he was willing to talk; the detectives' responses to the purported invocation were "exclamations of surprise"; and, immediately after those exclamations, Cliett stated, "I'll talk," and signed a written *Miranda* waiver. Based on these factual determinations, I would hold that the Court of Appeal reasonably concluded that, taken in context, Cliett failed to unambiguously and unequivocally invoke his right to remain silent.

However, our prior precedents, dealing with a state court's conclusion that surrounding circumstances similar to those presented here make an invocation ambiguous, hold that such a conclusion was contrary to and an unreasonable application of clearly established Supreme Court authority. *See Anderson v. Terhune*, 516 F.3d 781, 787 (9th Cir.) (en banc), *cert. denied*, *Cate v. Anderson*, 555 U.S. 818 (2008). As I have expressed in the past, I disagree not only with this reading of *Miranda* and its progeny, but also with the utter lack of deference it

accords to state courts' reasoned decisions. *See, e.g.*, *id.* at 797–801 (Tallman, J., dissenting); *Doody v. Ryan*, 649 F.3d 986, 1029–30 (9th Cir.) (en banc) (Tallman, J., dissenting), *cert. denied*, 132 S. Ct. 414 (2011). Nevertheless, I am bound by our precedents to the extent that they have declared what constitutes clearly established law. *See, e.g.*, *Byrd v. Lewis*, 566 F.3d 855, 860 n.5 (9th Cir. 2009).

I therefore reluctantly concur.